IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GEORGE B. FOSTER, JR.                                                                    PLAINTIFF

vs.                                              Civil No. 4:13-cv-04096

CAROLYN W. COLVIN                                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

George B. Foster, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**I.     Background:**

Plaintiff protectively filed his SSI application on March 21, 2011. (Tr. 11, 127). In this application, Plaintiff alleges being disabled due to herniated discs in his back, right leg problems, a broken ankle, and knee problems. (Tr. 165). Plaintiff alleges an onset date of January 1, 2006.[2] (Tr. 11). This application was denied initially and again upon reconsideration. (Tr. 57-58).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

[2] It appears Plaintiff later amended his alleged onset date to March 21, 2011. (Tr. 26).

1

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 73-84).

On July 20, 2012, this hearing was held in Texarkana, Arkansas. (Tr. 84-90). Plaintiff was present at this hearing and was represented by Greg Giles. (Tr. 23-56). Plaintiff, Vocational Expert ("VE") Dr. Anderson, and Medical Expert ("ME") Dr. Murphy[3] testified at this hearing. *Id.* At this hearing, Plaintiff testified he was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008). (Tr. 31-32). Plaintiff also testified he completed the eleventh grade in high school but did not obtain his high school diploma.. *Id.*

After the hearing, on August 7, 2012, the ALJ entered an unfavorable decision denying Plaintiff's SSI application. (Tr. 8-18). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 21, 2011, his application date. (Tr. 13, Finding 1). The ALJ determined Plaintiff had the following severe impairments: lumbar degenerative disc disease, right foraminal stenosis at L4-5 and L5-SI, degenerative joint disease of the right knee, and Level I Obesity (BMI 33-66" tall and 205 pounds). (Tr. 13-14, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-17, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

---

[3] The first names of "Dr. Anderson" and "Dr. Murphy" were not included in the transcript.

>After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a restricted range of sedentary work as defined in 20 CFR 416.967(a). He should not climb ladders, ropes or scaffolds. He should not crawl. Other postural activities are limited to occasional. There are no manipulative, visual or communicative limits but he should avoid even moderate exposure to vibration or hazardous moving machinery.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17, Finding 5). The VE testified at the administrative hearing regarding this issue and testified Plaintiff did not retain the capacity to perform his PRW. *Id.* The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 17-18, Finding 9). The VE also testified at the administrative hearing regarding this issue. *Id.* Specifically, the VE testified, given his age, education, RFC, and work experience, Plaintiff retained the capacity to perform the requirements of "99 percent of unskilled sedentary jobs."[4] (Tr. 18). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from March 21, 2011 until the date of his decision or until August 7, 2012. (Tr. 18, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5). On September 27, 2013, the Appeals Council denied this request for review. (Tr. 1-3). On October 21, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 21, 2013. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

---

[4] It is unclear if this finding–that Plaintiff can perform "99 percent of unskilled sedentary jobs"– is sufficient to meet the ALJ's burden of demonstrating Plaintiff retains the capacity of performing other work existing in significant numbers in the national economy. However, because the Court is reversing this case for another reason (see below), there is no need to address this issue.

3

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

    It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

    To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ erred in finding his impairments do not meet the requirements of Listings 1.02 and 1.04; (2) the ALJ erred in relying upon the testimony of the ME; (3) the ALJ erred in finding he retained the RFC to perform unskilled sedentary work; and (4) the ALJ erred in failing to submit a complete hypothetical to the VE. ECF No. 10 at 1-21. Upon review, because the ALJ erred in evaluating Plaintiff's RFC, the Court will only address Plaintiff's third argument for reversal.

Specifically, in assessing Plaintiff's RFC, the ALJ entirely failed to consider the findings of Plaintiff's consultative examiner, Dr. Charles Vermont, M.D. (Tr. 285-291). On July 18, 2011, Dr. Vermont examined Plaintiff as a part of consultative examination. *Id.* This examination was preformed at the direction of the SSA. *Id.* After examining Plaintiff, Dr. Vermont determined Plaintiff suffered from a number of different impairments, including arthritis in his right knee,

sciatica in his right lower extremity with back pain, arthritis in his right ankle, and borderline vision. (Tr. 289). Dr. Vermont also determined that Plaintiff was "limited" in performing "[p]hysical work with standing, prolonged sitting, lifting and extensive walking." *Id.*

In his opinion, the ALJ referenced Dr. Vermont's findings when considering the Listings but entirely ignored those findings in assessing Plaintiff's RFC. (Tr. 13-17). Importantly, the ALJ did not consider Dr. Vermont's finding that Plaintiff would be "limited" in performing "physical work with . . . prolonged sitting." (Tr. 289). Instead, the ALJ found Plaintiff retained the RFC to perform "sedentary work" which primarily involves sitting and would include "prolonged sitting." *See* 20 C.F.R. § 416.967(a). Thus, in finding Plaintiff retained the capacity for sedentary work, the ALJ implicitly discounted Dr. Vermont's findings.

However, the ALJ never explained why he decided to discount Dr. Vermont's findings. (Tr. 14-17). This was improper. *See McCadney v. Astrue,* 519 F.3d 764, 767 (8th Cir. 2008) (holding an ALJ must provide a reason for discounting a consulting examiner's opinion which was requested by the SSA and recognizing the ALJ cannot simply ignore such an opinion). Thus, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of December 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE